UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VINCEL K. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-CV-453-PLC |
| | ) | |
| OFFICER WINDHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the complaint filed by self-represented plaintiff Vincel K. Chambers, who is presently incarcerated at the St. Louis County Jail in Clayton, Missouri. ECF No. 1. For the reasons discussed below, the Court orders plaintiff to file an amended complaint on an Eastern District of Missouri 'Prisoner Civil Rights Complaint' form. The Court also directs Plaintiff to pay the $402.00 filing fee or file an appropriate motion to proceed *in forma pauperis* on a Court-provided form.

**Background**

On April 18, 2022, plaintiff filed the instant action in the United States District Court for the Southern District of Illinois. *See Chambers v. Windham*, Case No. 3:22-CV-752-JPG (S.D. Ill.). Plaintiff brings his claim against defendant Officer Windham, a correctional officer at the St. Louis County Jail. Plaintiff alleges his constitutional rights were violated when he was denied mental health treatment after reporting suicidal ideations on or around November 1, 2021. Plaintiff did not pay the filing fee or file a motion to proceed without prepayment of the filing fee.

On April 19, 2022, the Honorable Judge J. Phil Gilbert entered an order transferring the action to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b), for the reason that

the events giving rise to plaintiff's claims occurred in the federal judicial district for the Eastern District of Missouri. ECF No. 4. Additionally, the sole defendant is an employee at the St. Louis County Jail and likely resides in or around St. Louis County. *Id.*

## Discussion

Because plaintiff's complaint was drafted on the Southern District of Illinois's form complaint for civil rights actions, ECF No. 1, the Court directs Plaintiff to file an amended complaint on an Eastern District of Missouri 'Prisoner Civil Rights Complaint' form. Additionally, plaintiff must either pay the $402.00 filing fee or file a motion to proceed *in forma pauperis*. If plaintiff chooses to bring the instant civil action without prepayment of the filing fee, he must also "submit a certified copy of [his] trust fund account statement (or the institutional equivalent) . . . for the 6-month period immediately preceding the filing of his complaint." *See* 28 U.S.C. § 1915(a)(2).

As to plaintiff's submission of an amended complaint, the Court warns that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him.

Plaintiff's amended complaint must indicate whether he is suing the defendant in his individual or official capacity. When a plaintiff's claim does not specify whether the defendant is being sued in his personal or official capacity, the court interprets the complaint as including

2

only official capacity claims. *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995). This pleading requirement is strictly enforced by the Eighth Circuit. *See Murphy v. Arkansas*, 127 F.3d 750, 755 (8th Cir. 1997).

Further, it is important that plaintiff allege facts explaining the personal involvement of the named defendant in the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must describe the role of the defendant, so the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). Plaintiff must not amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to mail plaintiff a copy of the Court's 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court-provided form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his amended complaint will take the place of his original filing and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that plaintiff must either pay the $402 filing fee or submit an application to proceed without prepaying fees or costs within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to submit an application to proceed without prepaying fees or costs and plaintiff maintains a prison account at the St. Louis County Jail, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint, within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

*Patricia L. Cohen*
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 28th day of April, 2022