UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

VINCEL K. CHAMBERS,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　)　　　　Case No. 4:22-cv-453 PLC
　　　　　　　　　　　　　　　　　)
OFFICER WINDHAM,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　　　　)

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Vincel K. Chambers for leave to commence this civil action without prepayment of the required filing fee. ECF No. 9. Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $52.67. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will allow plaintiff the opportunity to submit a second amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of his motion for leave to proceed *in forma pauperis*, plaintiff submitted a copy of his inmate account statement. ECF No. 10. A review of plaintiff's account from the relevant period indicates an average monthly deposit of $263.34 and an average monthly balance of $74.56. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $52.67, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently a pretrial detainee at the St. Louis County Jail (the "Jail") in Clayton, Missouri. He initially filed his complaint in the United States District Court for the Southern District of Illinois against defendant Officer Windham, a correctional officer at the Jail. ECF No. 1. *See Chambers v. Windham*, Case No. 3:22-CV-752-JPG (S.D. Ill.). Plaintiff claimed he was denied mental health treatment when he reported suicidal ideations. *Id.* On April 19, 2022, his case was transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b), for the reason that the events giving rise to plaintiff's claim occurred at a facility situated within the Eastern District of Missouri. ECF No. 4.

On April 28, 2022, the Court directed plaintiff to file an amended complaint on an Eastern District of Missouri 'Prisoner Civil Rights Complaint' form. ECF No. 7. Plaintiff timely filed his amended complaint on May 13, 2022. ECF No. 9. Plaintiff names one defendant, Officer

Windham, in his official capacity only. *Id.* at 2. His statement of claim asserts the following, in its entirety:

> (1) Solicited violence against me by revealing details about my sex case. Told my cellmate to harm me in my sleep at [sic] which he did. Cellmate Sean Kirkman.

> (2) Deprived me of my medication to treat my schizophrenic and multi-personality. I was taunted and har[]assed by this officer. Cause me to consider suicide.

> (3) Considering suicide I was told I could not speak with mental health professionals and was told to just kill myself.

*Id.* at 4.

In the "Injuries" section, plaintiff writes: "medication for schizophrenia and multi-personality," "mental health professional help," and "acted on in my sleep by cellmate." *Id.* For relief, he seeks "$50,000 and all cost[s] paid of this court action" and "$150,000 for damages." *Id.* at 5.

## Discussion

Having thoroughly reviewed and liberally construed plaintiff's amended complaint, the Court concludes that it is subject to dismissal. However, in consideration of plaintiff's self-represented status, the Court will allow him to submit a second amended complaint.

### A.  Claim against Officer Windham in his Official Capacity

Plaintiff names one defendant in this action, Officer Windham, and sues him in his official capacity only. Plaintiff alleges Officer Windham is an employee of the St. Louis County Jail.

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit

against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075.

A jail, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's complaint is legally frivolous and/or fails to state a claim against defendant Windham in his official capacity.

Even if the St. Louis County is substituted as the defendant's employer, plaintiff has still failed to state a claim. Unlike a jail, a local governing body such as St. Louis County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

5

Here, plaintiff provides no allegations that St. Louis County has an unconstitutional policy or custom that makes it liable for the alleged violation of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom anywhere in the amended complaint, and there are no allegations regarding a pattern of similar constitutional violations by other St. Louis County employees. St. Louis County is not mentioned anywhere at all in the complaint. Therefore, plaintiff's official capacity claim against defendant Officer Windham is subject to dismissal. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B.  Individual Capacity

Plaintiff has not brought this action against defendant Officer Windham in his individual capacity. As such, the Court will not review plaintiff's complaint under 28 U.S.C. § 1915 as to whether it can survive initial review against the named defendant in his individual capacity. However, in consideration of plaintiff's self-represented status and the nature of the allegations, the Court will permit him to file an amended complaint.

If plaintiff wishes to sue defendant in his individual capacity, plaintiff must specifically so state, and allege facts connecting the defendant to the challenged action. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). "It is not enough to allege that [a] 'defendant[ ]' refused to treat his injuries. A federal complaint must contain the 'who, what, when and where' of what happened, and each defendant must be linked to a particular action." *Drummer v. Corizon Corr. Health Care*, 2016 WL 3971399, at *1 (E.D. Mo. July 25, 2016); *see also Miles v. Corizon Healthcare*, 2019 WL 2085998, at *4

6

(E.D. Mo. May 13, 2019) (a general refusal to treat allegation, without any additional information, is nothing more than a conclusory statement and cannot suffice to state a cause of action under the Eighth Amendment). In short, Plaintiff must explain the circumstances of the constitutional violations if he wishes to sue him in his individual capacity.

### Instructions on Amending the Complaint

Plaintiff is advised that the filing of a second amended complaint completely replaces the original complaint and the amended complaint, so it must include all claims plaintiff wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from any other complaints or supplements that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id.* Plaintiff must type or neatly print the second amended complaint on the Court-provided prisoner civil rights complaint form, and the second amended complaint must comply with the Federal Rules of Civil Procedure. *See* E.D. Mo. L.R. 2.06(A).

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner. Even self-represented litigants are obligated to abide by the Federal Rules of Civil Procedure and to plead specific facts as to each named defendant. *See U.S. v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Plaintiff is required to set out his alleged claims in a simple, concise, and direct manner, and also the facts supporting his claims as to each named defendant. *See* Fed. R. Civ. P. 8(a)(2) (complaint should contain short and plain statement of claims); 8(d)(1) (each claim shall be simple, concise, and direct); 10(b) (parties are to separate their claims within their pleadings and the contents of which shall be limited as far as

practicable to a single set of circumstances). Plaintiff should fill out the complaint form in its entirety.

In the "Caption" section of the complaint form, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both. Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim(s).

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against that defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal. Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and

direct responsibility for, the deprivation of rights"). Plaintiff must explain the role of each defendant so that each defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim.").

If plaintiff fails to file a second amended complaint on a Court-provided form within thirty (30) days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (ECF No. 9) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $52.67 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff two blank Prisoner Civil Rights Complaint forms.  Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that plaintiff must file a second amended complaint on the Court's form within **thirty (30) days** of the date of this Order. Plaintiff is advised that his second amended complaint will take the place of his amended and original complaints and will be the only pleading that this Court will review.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of June, 2022

10