UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCEL K. CHAMBERS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:22-cv-453 PLC |
| OFFICER WINDHAM, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's amended complaint, ECF No. 13, and motion for appointment of counsel, ECF No. 12. Because self-represented plaintiff is proceeding *in forma pauperis*, the Court is required to review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness, and for failure to state a claim upon which relief may be granted. After reviewing the allegations, the Court will issue process on plaintiff's individual capacity claims against defendant Officer Windham. The official capacity claims, however, will be dismissed. Additionally, plaintiff's request for counsel will be denied at this time.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint and Amended Complaint

Plaintiff is a self-represented litigant who is currently a pretrial detainee at the St. Louis County Jail (the "Jail") in Clayton, Missouri. He initially filed his complaint in the United States District Court for the Southern District of Illinois against defendant Officer Windham, a correctional officer at the Jail. ECF No. 1. *See Chambers v. Windham*, Case No. 3:22-CV-752-JPG (S.D. Ill.). Plaintiff claimed he was denied mental health treatment when he reported suicidal

ideations. *Id.* On April 19, 2022, his case was transferred to this Court pursuant to the federal venue statute, 28 U.S.C. § 1391(b), for the reason that the events giving rise to plaintiff's claim occurred at a facility situated within the Eastern District of Missouri. ECF No. 4.

On April 28, 2022, the Court directed plaintiff to file an amended complaint on an Eastern District of Missouri 'Prisoner Civil Rights Complaint' form. ECF No. 7. Plaintiff timely filed his amended complaint on May 13, 2022. ECF No. 8. Plaintiff named one defendant, Officer Windham, in his official capacity only. *Id.* at 2. He alleged defendant Windham directed his cellmate to harm him and deprived him of medication and mental health treatment. *Id.* at 4.

On June 3, 2022, the Court carefully reviewed the amended complaint pursuant to § 1915(e) and found it subject to dismissal. ECF No. 11. The Court explained that "an official capacity claim against an individual . . . is actually 'against the governmental entity itself.'" *Id.* at 4 (quoting *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017)). Because plaintiff did not allege any claims against Officer Windham's employer, St. Louis County, his official capacity claims failed. *See id.* at 4-6. However, in consideration of plaintiff's self-represented status, the Court directed him to submit an amended complaint, which would allow him to allege a municipal liability claim, if any, and name Officer Windham in his individual capacity.

On June 8, 2022, plaintiff filed his second amended complaint against Officer Windham in both his official and individual capacities. ECF No. 13. In the section designated to provide his statement of claim, plaintiff wrote, in its entirety:

On Nov[ember] 1, 2021 Officer Windham:

(1) Solicited violence against me by revealing details about my sex case. Told my cellmate to harm me in my sleep at [sic] which he did. I was punched and kicked. (Cellmate, Sean Kirkman).

(2) Deprived me of my medication to treat my schizophrenic and multi-personality. I was taunted and har[]assed by this officer. Caused me to consider suicide.

(3) Considering suicide I was told I could not speak with mental health professionals and was told to just kill myself.

*Id.* at 3-4.

For relief, plaintiff seeks a total of $150,000 in damages and court costs. *Id.* at 5.

## Discussion

After carefully reviewing plaintiff's second amended complaint, the Court will issue process on the individual capacity claims, and dismiss the official capacity claims pursuant to 28 U.S.C. § 1915(e)(2)(B).

### A. Official Capacity Claims

In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White*, 865 F.3d at 1075. Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). *See also Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018) (explaining that official capacity suit against sheriff and his deputy "must be treated as a suit against the County"); *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"); and *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (stating that a "suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent"). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly*, 813 F.3d at 1075. Plaintiff alleges Officer Windham is an employee of the St. Louis County Jail.

A Jail, however, is not a distinctly suable entity under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992); *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) ("county jails are not legal entities amenable to suit"); *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department because they are not suable entities). Consequently, plaintiff's second amended complaint is legally frivolous and/or fails to state a claim against defendant Windham in his official capacity.

Even if St. Louis County is substituted as the defendant's employer, plaintiff has still failed to state a claim. Unlike the Jail, a local governing body such as St. Louis County can be sued directly under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). To prevail on this type of claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016). Such liability may attach if the constitutional violation "resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same").

Here, plaintiff provides no allegations that St. Louis County has an unconstitutional policy or custom that makes it liable for the alleged violation of his constitutional rights. Indeed, there is no mention whatsoever of any policy or custom in the second amended complaint, and there are no allegations regarding a pattern of similar constitutional violations by other St. Louis County employees. To the contrary, plaintiff limits his allegations to one defendant's actions on a singular date, and St. Louis County is not mentioned anywhere in the complaint. Therefore, plaintiff's

official capacity claim against defendant Officer Windham will be dismissed. *See Ulrich v. Pope Cty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

### B. Individual Capacity Claims

At this stage of the litigation, the Court must take plaintiff's allegations as true. The amended complaint asserts that on November 1, 2021, Officer Windham directed plaintiff's cellmate to harm him in his sleep and plaintiff was subsequently assaulted by the cellmate. He further alleges defendant Officer Windham denied him the medication required to treat his serious mental health conditions.

It is well settled that verbal abuse and mere threatening language by prison officials does not amount to a § 1983 claim. *See McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (holding that verbal harassment, threats, and name calling are not actionable under § 1983); *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (holding that "mere verbal threats made by a state actor do not constitute a § 1983 claim"); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (holding that verbal threats and name calling are not actionable under § 1983).

Notwithstanding the above, harassment may become actionable where it involves a "credible threat to kill, or to inflict any other physical injury." *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). Allegations that a prison officer has provoked or persuaded other inmates to cause harm to a plaintiff support an inference that the officer attempted to inflict injury on the plaintiff in violation of the Eighth Amendment. *See Irving v. Dormire*, 519 F.3d 441, 449 (8th Cir. 2008) (officer's attempt to have other inmates attack plaintiff may violate Eighth Amendment, even where the plaintiff was not actually assaulted); *Northington v. Jackson*, 973

F.2d 1518, 1525 (10th Cir. 1992) (Eighth Amendment claim stated where guard "intended to do harm to [a prisoner] by inciting inmates to beat him[;]" guard told other inmates that plaintiff was a snitch). Thus, plaintiff's allegations of failure to protect or instigation of an assault, which must be taken as true, are sufficient to state a claim against the named defendant.

Plaintiff also alleges that on the same date, Officer Windham denied him the medication he needed to treat his schizophrenia and multiple personality disorder. Such denial caused him to contemplate suicide. After Officer Windham was notified of plaintiff's suicidal thoughts, he allegedly prevented plaintiff from seeking help from a mental health professional and told him to "kill [him]self."

Because plaintiff is a pretrial detainee, his claims of inadequate medical care are analyzed under the Fourteenth Amendment rather than the Eighth Amendment. *Stickley v. Byrd*, 703 F.3d 421, 423 (8th Cir. 2013). However, because the Fourteenth Amendment affords pretrial detainees "at least as great protection" as that given to convicts under the Eighth Amendment, courts apply the identical standard as that applied to claims of inadequate medical care brought by convicts. *Crow v. Montgomery*, 403 F.3d 598, 601 (8th Cir. 2005) (quoting *Owens v. Scott County* Jail, 328 F.2d 1026, 1027 (8th Cir. 2003)).

In order to state a constitutional violation, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995). A claim of deliberate indifference involves both an objective and a subjective component. The objective component requires plaintiff to demonstrate that he suffered an objectively serious medical need. *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011). The subjective component requires plaintiff to demonstrate that the

defendant actually knew of, but deliberately disregarded, that need. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).

Here, plaintiff adequately alleges he suffers from objectively serious medical needs: schizophrenia and multiple personality disorder which requires medication, and the serious psychological symptom of suicidal ideations resulted from the lack of that medication. Plaintiff also adequately alleges that defendant actually knew of those needs, and deliberately disregarded them by refusing to provide him with the necessary medications and refusing to let plaintiff see a mental health professional. When a prisoner needs medical treatment, prison officials have a constitutional duty to see that it is furnished. *Estelle*, 429 U.S. at 103. These allegations, which must be taken as true, are sufficient to state a claim against the named defendants.

### Appointment of Counsel

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. On June 3, 2022, the Court granted plaintiff's motion to proceed *in forma pauperis*. ECF No. 11. In the instant Memorandum and Order, the Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) and directed the Clerk of Court to issue process or cause process to issue on the complaint as to defendant Officer Windham in his individual capacity. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Thus, the Court will deny plaintiff's motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue on the second amended complaint as to defendant Officer Unknown Windham, in his individual capacity, at the following address: St. Louis County Jail, 100 S. Central Avenue, Clayton, Missouri 63105.

**IT IS FURTHER ORDERED** that because plaintiff is proceeding *in forma pauperis* in this action, service shall be effectuated by the United States Marshal's Office through summons, pursuant to Fed. R. Civ. P. 4. *See* 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that a copy of the summons and return of summons for the defendant shall be filed in this matter.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendant Unknown Windham shall reply to plaintiff's individual capacity claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to plaintiff's official capacity claims against defendant Unknown Windham because, as to these claims, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 12] is **DENIED**.

**IT IS HEREBY CERTIFIED** that an appeal from this partial dismissal would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 7th day of July, 2022.

                                                      John A. Ross
                                                      JOHN A. ROSS
                                                      UNITED STATES DISTRICT JUDGE