**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| VINCEL K. CHAMBERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:22-CV-453-PLC |
| ) | |
| OFFICER WINDHAM, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's second motion for appointment of counsel. ECF No. 17. For the following reasons, the motion will be denied without prejudice.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the appointment of counsel is unwarranted at this time. On June 3, 2022, the Court granted plaintiff's motion to proceed *in forma*

*pauperis* and directed plaintiff to file an amended complaint. ECF No. 11. Plaintiff timely complied. *See* ECF No. 13. On July 7, 2022, the Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e), and directed the Clerk of Court to issue process or cause process to issue on the complaint as to defendant Officer Windham in his individual capacity. ECF No. 14. On the same date, the Court denied plaintiff's first motion for appointment of counsel. The Court explained:

> Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be unduly complex. Thus, the Court will deny plaintiff's motion for appointment of counsel but will entertain future motions for appointment of counsel as the case progresses.

*Id.* at 9.

For the same reasons, the Court will deny plaintiff's second motion for appointment of counsel. Summons has been issued as to defendant Officer Windham. *See* ECF No. 17. Defendant has yet to file a responsive pleading, and the time for doing so has not yet passed. Thus, the circumstances in this action have not changed to warrant the appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 17] is **DENIED** without prejudice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 21st day of July, 2022