## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| VINCEL K. CHAMBERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-453 PLC |
| | ) | |
| QUIINTIN WINDHAM, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's sixth motion for appointment of counsel. [ECF No. 45.] The motion is denied without prejudice.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that the instant sixth motion for appointment of counsel is unwarranted at this time. Plaintiff filed this case against one defendant,

Quintin Windham, who filed his answer and affirmative defenses to Plaintiff's second amended complaint on February 16, 2023. [ECF No. 40] In his answer, Defendant Windham denies Plaintiff's allegations and asserts he is protected from liability by the doctrine of qualified immunity and that Plaintiff failed to exhaust his administrative remedies prior to filing suit. [ECF No. 40]

The factual and legal issues in this case are not unduly complex and, to this point, Plaintiff has demonstrated that he can adequately present his claims to the Court. Thus, the Court will deny Plaintiff's instant motion for appointment of counsel. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's sixth motion for appointment of counsel [ECF No. 35] is **DENIED** without prejudice.

                                                    /s/ Patricia L. Cohen
                                                    PATRICIA L. COHEN
                                                    UNITED STATES MAGISTRATE JUDGE

Dated this 3rd day of April, 2023