UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VINCEL K. CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:22-CV-453 PLC |
| | ) |
| QUIINTIN WINDHAM, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's seventh motion for appointment of counsel. [ECF No. 60] The motion is denied without prejudice.

In civil cases, a self-represented litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the self-represented litigant to investigate the facts, the existence of conflicting testimony, and the ability of the self-represented litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After considering these factors, the Court finds that Plaintiff's seventh motion for appointment of counsel is unwarranted at this time. Plaintiff filed this case against one defendant,

Quintin Windham, who filed his answer and affirmative defenses to Plaintiff's second amended complaint on February 16, 2023. [ECF Nos. 13, 40] In his answer, Defendant Windham denied Plaintiff's allegations and asserts he is protected from liability by the doctrine of qualified immunity and that Plaintiff failed to exhaust his administrative remedies prior to filing suit. [ECF No. 40]

On October 16, 2023, Defendant Windham filed a motion for summary judgment, reasserting his defenses of qualified immunity and failure to exhaust administrative remedies, and denying Plaintiff's allegations. [ECF No. 50] Defendant Windham's Statement of Undisputed Material Facts is four pages in length and contains 28 numbered paragraphs. [ECF No. 52] The documentation submitted in support of the motion is lengthy, a total of 674 pages. [ECF Nos. 51-1, 55, 56] However, Plaintiff's deposition and medical records comprise the vast majority of the record with a combined length of 650 pages. [ECF Nos. 55 & 56]

The factual and legal issues in this case are not unduly complex and, to this point, Plaintiff has demonstrated that he can adequately present his claims to the Court. Thus, the Court will deny Plaintiff's instant motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's seventh motion for appointment of counsel [ECF No. 60] is **DENIED** without prejudice.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of October, 2023